**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**4/19**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Arsenal Energy Holdings LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **Mountaineer Energy Holdings, LLC** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **61-1746279** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | 6031 Wallace Road Ext., Suite 300 Wexford, PA 15090 | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | Allegheny | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor  **Arsenal Energy Holdings LLC**
_____ Case number (*if known*) _____
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**2111**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☐ No
☒ Yes

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | Delaware | 02/04/20/19 | 19-10226 (BLS) |
| | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes

List all cases. If more than 1, attach a separate list

Debtor *See* Schedule A  Relationship _____
District ____ When ____ Case number, if known ____

Debtor    **Arsenal Energy Holdings LLC**                          Case number (*if known*) _____

      Name

---

**11. Why is the case filed in this district?**    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____

        Number, Street, City, State & ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes    Insurance agency _____

            Contact name _____

            Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

    ☒ Funds will be available for distribution to unsecured creditors.

    ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor     **Arsenal Energy Holdings LLC**                          Case number *(if known)* _____
           Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000
or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature**
**of authorized**
**representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/08/2019
               MM / DD / YYYY

X _____              Jonathan D. Farmer
Signature of authorized representative of debtor     Printed name

Title    President and Chief Executive Officer

**18. Signature of attorney**    X *Pauline K Morgan*                Date   11/08/2019
                                 Signature of attorney for debtor           MM / DD / YYYY

Pauline K. Morgan
Printed name

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Firm name

Rodney Square, 1000 North King Street, Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone 302-571-6600        Email address    pmorgan@ycst.com

No. 3650 - DE
Bar number and State

**SCHEDULE A**

<u>Pending Bankruptcy Cases Filed by Affiliated Entities</u>

On the date hereof, each of the related entities listed below (collectively, the "***Debtors***"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "***Court***") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.  Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

Arsenal Resources Development LLC
Arsenal Energy Holdings LLC
Arsenal Resources Intermediate Holdings LLC
Arsenal Resources Energy LLC
Arsenal Resources Development Holdings 2 LLC
Arsenal Resources Development Holdings 1 LLC
Arsenal Gas Marketing LLC
Arsenal Midstream LLC
Arsenal Water LLC
Ulysses Gathering LLC
Mar Key LLC
Arsenal Resources LLC
River Ridge Energy Holdings, LLC
River Ridge Energy, LLC
River Ridge Pennsylvania, LLC
River Ridge Operating, LLC
Seneca-Upshur Petroleum, LLC

**OMNIBUS**

**ACTION BY WRITTEN CONSENT**
**OF THE**
**AUTHORIZED REPRESENTATIVES**
**OF EACH OF THE**
**TRANSACTION PARTIES**

**November 7, 2019**

The undersigned, as set forth on the signature pages hereof, acting pursuant to the applicable statutory and other legal requirements for each of the applicable entities listed on Annex I attached hereto (each, a "Transaction Party"), constitute the directors, members, managers or other applicable representatives of each Transaction Party, as set forth on the signature pages hereof, required by applicable law and the applicable Transaction Party's organizational documents (the "Applicable Requirements") to act for each such Transaction Party (each such director, member or other applicable representative, a "Resolving Person"), and each and all of the undersigned, acting in accordance with the authority required by the Applicable Requirements and waiving all notice, do hereby consent to and adopt the following resolutions contained herein and to authorize the taking of actions specified herein without a meeting by written consent by each Transaction Party, and all such authorizations of actions by any Transaction Party hereunder shall include actions taken by such Transaction Party on behalf of itself and (if applicable) as a shareholder, member, managing member, manager, general partner, trustee, beneficiary, other controlling or significant interest owner, or other type of representative whether similar to, or different from, the foregoing with the power, alone or together with other such representatives, to take action on behalf of, or to bind, another person.

WHEREAS, each Resolving Person has had the opportunity to consult with management and the legal and financial advisors of the applicable Transaction Parties to fully consider each of the strategic alternatives available to each Transaction Party; and

WHEREAS, each Resolving Person has determined that it is desirable and in the best interests of the applicable Transaction Party and its creditors, equityholders, and other parties in interest that a petition be filed by the respective Transaction Party, seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and to undertake other actions related thereto; and

WHEREAS, it is proposed that certain of the Transaction Parties enter into a new debtor in possession facility (the "DIP Facility") and any associated documents and consummate the transactions contemplated therein and thereby (including entering into swap agreements with certain DIP Facility lenders or their affiliates (collectively, the "DIP Facility Transactions")) with such lenders and the applicable Transaction Parties to satisfy the requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code; and

WHEREAS, in furtherance of the foregoing, each Transaction Party desires to approve the following resolutions.

1.  **Commencement of Chapter 11 Cases**

        RESOLVED, that each Resolving Person has determined, after consultation with the management and the legal and financial advisors of the applicable Transaction Party for which it acts as a Resolving Person, that it is desirable and in the best interests of such Transaction Party, its creditors, equityholders, and other parties in interest that a petition be filed by such Transaction Party seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"); and

        RESOLVED, that any Authorized Person (as defined below), be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Transaction Parties all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person deems necessary, proper, or desirable in connection with the Transaction Parties' chapter 11 cases (the "<u>Chapter 11 Cases</u>"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in these resolutions, with a view to the successful prosecution of the Chapter 11 Cases.

2.  **Debtor-in-Possession Financing**

        RESOLVED, that the Transaction Parties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized to: (a) enter into the DIP Facility and the DIP Facility Transactions with such lenders and related swap counterparties and on such terms substantially consistent with those presented to the Resolving Persons on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Transaction Parties; (b) pay related fees and grant security interests (including superpriority priming first lien security interests) in and liens upon some, all or substantially all of the Transaction Parties' assets, in such case, as may be deemed necessary or desirable by any Authorized Person in connection with the DIP Facility Transactions; and (c) guarantee any and all obligations with respect thereto; and

        RESOLVED, that: (a) any Authorized Person shall be, and hereby is, authorized and directed in the name of, and on behalf of the Transaction Parties, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, swap agreements, notices and any and all other documents as any Authorized Person may deem necessary or appropriate to facilitate the DIP Facility Transactions, including any credit agreement, engagement letter or term sheet (collectively, the "<u>DIP Facility Documents</u>"); (b) DIP Facility Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be

conclusive evidence of such Authorized Person's approval thereof and the necessity or desirability thereof.

## 3.  Plan, Disclosure Statement and Restructuring Documents

RESOLVED, that the Transaction Parties, as debtors and debtors in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized to: (a) execute and deliver a chapter 11 plan having terms substantially consistent with those presented to the Resolving Persons on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Transaction Parties (the "Plan"), associated disclosure statement (the "Disclosure Statement"), and any associated documents, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Transaction Parties (the "Restructuring Transactions"); and (b) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Person in connection with the Plan or Disclosure Statement and the Restructuring Transactions; and

RESOLVED, that: (a) any Authorized Person shall be, and hereby is, authorized and directed in the name of, and on behalf of the Transaction Parties, as debtors and debtors in possession, to take such actions and execute, acknowledge, deliver and verify the Plan and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any Authorized Person may deem necessary or appropriate in connection with the Plan, the Disclosure Statement and any other related documents including any engagement letters, commitment letters, fee letter or other documents in connections with the incurrence of indebtedness contemplated thereby (the "Restructuring Documents") and the Restructuring Transactions; (b) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; (c) any Authorized Person shall be, and hereby is, authorized and directed in the name of, and on behalf of the Transaction Parties, as debtors and debtors in possession, to authorize counsel to draft, file and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (d) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Person's approval thereof and the necessity or desirability thereof.

## 4.  Retention of Professionals

RESOLVED, that any Authorized Person, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ the law firm Simpson Thacher & Bartlett LLP as general bankruptcy counsel to represent and assist the Transaction Parties in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Transaction Parties' rights and obligations in the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any such prior actions are hereby ratified in their entirety;

RESOLVED, that any Authorized Person, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ the law firm of Young Conaway Stargatt & Taylor, LLP as Delaware bankruptcy counsel to represent and assist the Transaction Parties in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Transaction Parties' rights and obligations in the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any such prior actions are hereby ratified in their entirety;

RESOLVED, that any Authorized Person, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ Prime Clerk LLC, as claims and noticing agent and administrative advisors in connection with the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that any Authorized Person, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ PJT Partners LP, as advisor in connection with the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that any Authorized Person, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ Alvarez & Marsal North America, LLC, as consultant in connection with the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that any Authorized Person, be, and hereby is, authorized and directed in the name and on behalf of the Transaction Parties to employ any other professionals to assist the Transaction Parties in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases, the Restructuring Transactions and all related matters and to take any and all actions to advance the Transaction Parties' rights and obligations; and

RESOLVED, that any Authorized Person is hereby authorized and directed in the name and on behalf of the Transaction Parties to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals as necessary.

**5.  Omnibus Resolutions**

RESOLVED, that any officer or manager of a Transaction Party, each acting as an authorized person of the applicable Transaction Party, and in the name and on behalf of the applicable Transaction Party (each, an "Authorized Person") be, and each hereby is, authorized to take all actions such Authorized Person deems necessary or appropriate to complete the Restructuring Transactions, the Restructuring Documents, Chapter 11 Cases, the DIP Facility Transactions and all related matters and to execute, deliver and file all such further documents, certificates, notices or instruments as may be required or as such Authorized Person may deem necessary or appropriate in furtherance of or in connection with each of the foregoing resolutions and to effectuate fully the purposes and intent thereof;

RESOLVED, that any and all actions previously taken by any Authorized Person in furtherance of the transactions and matters authorized or contemplated by the foregoing resolutions be, and they hereby are, ratified, approved and confirmed in all respects and that said actions shall have the same force and effect as if they were taken with the prior approval of the applicable Transaction Party; and

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the applicable Transaction Party, to take such other actions and to execute, deliver and file all such further documents, certificates, notices or instruments as may be required or as such Authorized Persons may deem necessary or appropriate in furtherance of or in connection with each of the foregoing resolutions and to effectuate fully the purposes and intent thereof, and further, that it be, and it is hereby, confirmed that all such actions taken by such Authorized Persons are taken by such Authorized Persons as representatives of the applicable Transaction Party and not in their personal capacity.

[Signature page follows]

IN WITNESS WHEREOF, each of the undersigned has executed this written consent effective as of the date first above written.

**Arsenal Energy Holdings LLC**

_____
Alex T. Krueger

_____
Juan Diego Vargas

_____
Jonathan D. Farmer

_____
Jack Yang

_____
Brian A. Falik

_____
Mark Shoberg

_____
Xianbing "Tim" Luo

IN WITNESS WHEREOF, each of the undersigned has executed this written consent effective as of the date first above written.

**Arsenal Energy Holdings LLC**

_____
Alex T. Krueger

_____
Juan Diego Vargas

_____
Jonathan D. Farmer

_____
Jack Yang

_____
Brian A. Falik

_____
Mark Shoberg

_____
Xianbing "Tim" Luo

IN WITNESS WHEREOF, each of the undersigned has executed this written consent effective as of the date first above written.

**Arsenal Energy Holdings LLC**

_____

Alex T. Krueger

_____

Juan Diego Vargas

_____

Jonathan D. Farmer

_____

Jack Yang

_____

Brian A. Falik

_____

Mark Shoberg

_____

Xianbing "Tim" Luo

IN WITNESS WHEREOF, each of the undersigned has executed this written consent effective as of the date first above written.

**Arsenal Energy Holdings LLC**

_____
Alex T. Krueger


_____
Juan Diego Vargas


_____
Jonathan D. Farmer


_____
Jack Yang


_____
Brian A. Falik


_____
Mark Shoberg


_____
Xianbing "Tim" Luo

IN WITNESS WHEREOF, each of the undersigned has executed this written consent effective as of the date first above written.

**Arsenal Energy Holdings LLC**

_____
Alex T. Krueger

_____
Juan Diego Vargas

_____
Jonathan D. Farmer

_____
Jack Yang

_____
Brian A. Falik

_____
Mark Shoberg

_____
Xianbing "Tim" Luo

**Arsenal Resources Intermediate Holdings LLC**

By: Arsenal Energy Holdings LLC, as sole member and Managing Member of Arsenal Resources Intermediate Holdings LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Arsenal Resources Energy LLC**

By: Arsenal Resources Intermediate Holdings
LLC, as sole member and Managing Member
of Arsenal Resources Energy LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Arsenal Resources Development Holdings 2 LLC**

By: Arsenal Resources Energy LLC, as sole member and Member of Arsenal Resources Development Holdings 2 LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Arsenal Resources Development Holdings 1 LLC**

By: Arsenal Resources Development Holdings 2 LLC, as sole member and Managing Member of Arsenal Resources Development Holdings 1 LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Arsenal Resources Development LLC**

By: Arsenal Resources Development
Holdings 1 LLC, as sole member and
Managing Member of Arsenal Resources
Development LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Arsenal Gas Marketing LLC**

By: Arsenal Resources Development LLC,
as sole member and Managing Member of
Arsenal Gas Marketing LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Arsenal Midstream LLC**

By: Arsenal Resources Development LLC,
as sole member and Managing Member of
Arsenal Midstream LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Ulysses Gathering LLC**

By: Arsenal Midstream LLC, as sole
member and Managing Member of Ulysses
Gathering LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Arsenal Water LLC**

By: Arsenal Midstream LLC, as sole member and Managing Member of Arsenal Water LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Mar Key LLC**

By: Arsenal Resources Development LLC,
as sole member and Managing Member of
Mar Key LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Arsenal Resources LLC**

By: Arsenal Resources Development LLC,
as sole member and Managing Member of
Arsenal Resources LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**River Ridge Energy Holdings, LLC**

By: Arsenal Resources Development LLC,
as sole member and Managing Member of
River Ridge Energy Holdings, LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**River Ridge Energy, LLC**

By: River Ridge Energy Holdings, LLC, as
sole member and Managing Member of
River Ridge Energy, LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**Seneca-Upshur Petroleum, LLC**

By: River Ridge Energy, LLC, as sole
member and Managing Member of Seneca-
Upshur Petroleum, LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**River Ridge Operating, LLC**

By: River Ridge Energy, LLC, as sole
member and Managing Member of River
Ridge Operating, LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

**River Ridge Pennsylvania, LLC**

By: River Ridge Energy, LLC, as sole member and Managing Member of River Ridge Pennsylvania, LLC

Name: Jonathan D. Farmer
Title:  Chief Executive Officer

## ANNEX I

## TRANSACTION PARTIES

Arsenal Energy Holdings LLC

Arsenal Resources Intermediate Holdings LLC

Arsenal Resources Energy LLC

Arsenal Resources Development Holdings 2 LLC

Arsenal Resources Development Holdings 1 LLC

Arsenal Resources Development LLC

Arsenal Gas Marketing LLC

Arsenal Midstream LLC

Arsenal Water LLC

Ulysses Gathering LLC

Mar Key LLC

Arsenal Resources LLC

River Ridge Energy Holdings, LLC

River Ridge Energy, LLC

River Ridge Pennsylvania, LLC

River Ridge Operating, LLC

Seneca-Upshur Petroleum, LLC

Fill in this information to identify the case:

Debtor name  Arsenal Resources Development LLC, et al.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Chambers Energy Capital II, LP 600 Travis Street Suite 4700 Houston, TX 77002 -- and -- Chambers Energy Capital II TE, LP 600 Travis Street Suite 4700 Houston, TX 77002 -- and -- Mercuria Energy Company, LLC 20 East Greenway Plaza Houston, TX 77046 | Attn: Guy Hoffman Title: Partner Email: ghoffman@chambersenergy.com Attn: Brian Falik Title: Chief Investment Officer Email: brianfalik@mercuria.com | Term Loan Credit Agreement dated 12/1/2018 | | $  239,614,383.03 | | Undetermined |
| 2 | LR-Mountaineer Holdings, L.P. Heritage Plaza 1111 Bagby Street, Suite 4600 Houston, TX 77002 -- and -- Chambers Energy Capital II, LP 600 Travis Street Suite 4700 Houston, TX 77002 -- and -- Chambers Energy Capital II TE, LP 600 Travis Street Suite 4700 Houston, TX 77002 -- and -- Chambers Energy Capital III, LP 600 Travis Street Suite 4700 Houston, TX 77002 | Attn: William Franklin Title: Managing Director Email: wf@lrpartners.com Attn: Guy Hoffman Title: Partner Email: ghoffman@chambersenergy.com | Seller Noteholder(s) | | $  133,442,543.42 | | Undetermined |
| 3 | Columbia Gas Transmission, LLC 5151 San Felipe Street Suite 2500 Houston, TX 77056 | Attn: James Eckert Title: Vice President Phone: (832) 835-7191 Email: james_eckert@transcanada.com | Trade Payable | | | | $  12,994,524.66 |
| 4 | BJ Services, LLC 11211 FM 2920 Road Tomball, TX 77375 | Attn: Warren Zemlak Title: President and Chief Executive Officer Phone: (281) 408-2361 Email: warren.zemlak@bjservices.com | Trade Payable | | | | $  9,583,048.11 |
| 5 | Stonewall Gas Gathering LLC 600 Travis Street Suite 4910 Houston, TX 77002 | Attn: Joseph Wyzik Title: Director, Business Development Phone: (713) 783-3000 Email: joseph.wyzik@dteenergy.com Fax: (713) 783-3035 | Trade Payable | | | | $  7,392,510.04 |
| 6 | K & R Services, Inc. 1384 Kirby Road Waynesburg, PA 15370 | Attn: Justin Kerr Title: Manager Phone: (724) 852-2222 Email: jkerr@krpipelineservices.com Fax: (724) 627-3322 | Trade Payable | | | | $  3,863,296.65 |
| 7 | Goff Connector LLC 4630 N. Loop 1604 W. Suite 206 San Antonio, TX 78249-1374 | Attn: Clint Soderstrom Title: Chief Commercial Officer Phone: (210) 819-7456 Email: csoderstrom@eqt.com | Trade Payable | | | | $  2,584,075.66 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | B&L Pipeco Services, Inc. 20465 SH 249 Suite 200 Houston, TX 77070 | Attn: Steve Tait Title: President and Chief Executive Officer Phone: (281) 955-3500 Email: stait@blpipeco.com | Trade Payable | | | | $  2,310,930.01 |
| 9 | Anchor Drilling Fluids USA, Inc. 11700 Katy Freeway Suite 200 Houston, TX 77079 | Attn: Ron Westenburg Title: Vice President - North America Operations Phone: (918) 583-7701 Email: rwestenburg@anchorusa.com | Trade Payable | | | | $  2,082,229.00 |
| 10 | Schlumberger Technology Corporation 300 Schlumberger Drive Sugar Land, TX 77478 | Attn: Olivier Le Peuch Title: Chief Executive Officer Phone: (713) 513-2000 Email: lepeuch1@slb.com | Trade Payable | | | | $  1,820,808.41 |
| 11 | Reach Wireline, LLC 1321 Ranchers Legacy Trail Fort Worth, TX 76126 | Attn: Chris Payson Title: Founder and Chief Executive Officer Phone: (682) 312-3487 Email: cpayson@reachwireline.com | Trade Payable | | | | $  1,765,840.00 |
| 12 | Helmerich & Payne International 1437 South Boulder Avenue Tulsa, OK 74119 | Attn: John W. Lindsay Title: Chief Executive Officer Phone: (918) 742-5531 Email: john.lindsay@hpinc.com | Trade Payable | | | | $  1,543,707.24 |
| 13 | Cofano Energy Services LLC 335 Morganza Rd. Suite 201 Canonsburg, PA 15317-5720 | Attn: Kurt J. Cofano Title: Chief Executive Officer Phone: (412) 721-2440 Email: kurt@cofanoenergy.com Attn: Neal Shipley Title: Chief Executive Officer (Capital Foundry) Phone: (412) 295-5421 Email: nshipley@capfoundry.com | Trade Payable | | | | $  1,371,569.22 |
| 14 | Civil & Environmental Consultants 333 Baldwin Road Pittsburgh, PA 15205 | Attn: Ken Miller Title: Chief Executive Officer Phone: (412) 249-2302 Email: kmiller@cecinc.com | Trade Payable | | | | $  903,003.50 |
| 15 | DTE Appalachia Gathering LLC One Energy Plaza Room 2130 WCB Detroit, MI 48226 | Attn: David Slater Title: President and Chief Operating Officer Phone: (313) 235-1001 Email: slaterd@dteenergy.com | Trade Payable | | | | $  700,398.03 |
| 16 | Nine Downhole Technologies LLC 16945 Northchase Drive Houston, TX 77060 | Attn: Julie Ramos Title: A.R. Manager Phone: (361) 299-6333 Email: julie.ramos@nineenergyservice.com | Trade Payable | | | | $  683,085.00 |
| 17 | Jennings Excavating, Inc. 2255 N. Mountaineer Hwy. Newburg, WV 26410 | Attn: Cory Jennings Title: Owner and Chief Executive Officer Phone: (304) 892-4425 Email: cjennings@jenningsexcavating.com | Trade Payable | | | | $  625,581.12 |
| 18 | Equitrans, LP 625 Liberty Avenue Suite 1700 Pittsburgh, PA 15222 | Attn: Thomas F. Karam Title: Chief Executive Officer Phone: (412) 395-2688 Email: tkaram@equitransmidstream.com | Trade Payable | | | | $  576,481.33 |
| 19 | J.F. Allen Company 2133 Old Weston Road Buckhannon, WV 26201 | Attn: Greg Hadji Title: President Phone: (302) 472-8890 Email: ghadjis@jfallenco.com | Trade Payable | | | | $  539,110.36 |
| 20 | River Bend Industries, LLC 14220 S. Meridian Avenue Suite B Oklahoma City, OK 73173 | Attn: Adam Wallace Title: Owner and Chief Executive Officer Phone: (405) 703-2713 Email: adam@rbiokc.com Fax: (405) 703-2794 | Trade Payable | | | | $  515,250.00 |
| 21 | EnerStar Rentals & Services LTD 1050 Broad Street Rear Montoursville, PA 17754 | Attn: Jim van der Sloot Title: President Phone: (570) 505-3042 Email: jvandersloot@enerstarrentals.com | Trade Payable | | | | $  510,498.24 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | Albatross Ventures LLC 416 A Ceylon Road Carmichaels, PA 15320 | Attn: Linda Yuhaniak Title: Finance Manager Phone: (724) 319-2112 Email: lyuhaniak@albatrossventures.com Fax: (724) 319-2392 | Trade Payable | | | | $    486,611.75 |
| 23 | Express Energy Services 9800 Richmond Avenue Suite 500 Houston, TX 77042 | Attn: Stuart Bodden Title: President and Chief Executive Officer Phone: (713) 625-7400 Email: stuart.bodden@eeslp.com Fax: (713) 625-7403 | Trade Payable | | | | $    485,351.21 |
| 24 | The Thrasher Group, Inc. 600 White Oaks Blvd. Bridgeport, WV 26330 | Attn: Chad Riley Title: Chief Executive Officer Phone: (304) 624-4108 Email: criley@thethrashergroup.com | Trade Payable | | | | $    474,422.80 |
| 25 | Huey Brothers Inc. 61 Smithport Road Glen Campbell, PA 15742-8507 | Attn: Jenny Smith Title: Office Manager Phone: (814) 845-7886 Email: hueybrothersinc@gmail.com | Trade Payable | | | | $    435,237.50 |
| 26 | Fluid Delivery Solutions, LLC 6795 Corporation Parkway Suite 200 Fort Worth, TX 76126 | Attn: Philip E. Kuntz Title: President and Chief Financial Officer Phone: (817) 730-9761 Email: pkuntz@FDSLLC.com | Trade Payable | | | | $    425,338.75 |
| 27 | Deep Well Services 719 West New Castle Street Zelienople, PA 16063 | Attn: Mark Marmo Title: Chief Executive Officer Phone: (724) 473-0687 Email: mmarmo@deepwellservices.com Fax: (724) 473-0689 | Trade Payable | | | | $    416,163.61 |
| 28 | Mid Atlantic Energy Services LLC 1910 Dents Run Road Morgantown, WV 26501 | Attn: George McLaughlin Title: President Phone: (304) 598-0100 Email: george.mclaughlin@sensus.com | Trade Payable | | | | $    382,893.84 |
| 29 | Gemondo & Mcquiggan, LLP 1144 Market Street Suite 101 Wheeling, WV 26003-2966 | Attn: Christopher Gemondo Title: Partner Phone: (412) 343-1150 Email: cgemondo@shalegaslawyers.com | Trade Payable | | | | $    359,739.50 |
| 30 | Tier 1 Rental And Distribution 2 Penn Center Blvd. Suite 328 Pittsburgh, PA 15276 | Attn: Zach Easton Title: Partner and Chief Operating Officer Phone: (844) 817-3682 Email: zach.easton@t-1solutions.com | Trade Payable | | | | $    352,940.75 |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ARSENAL RESOURCES DEVELOPMENT LLC, *et al.*, | Case No. [_____] (___) |
| Debtors.[1] | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND
LIST OF EQUITY INTEREST HOLDERS PURSUANT TO FED. R.
BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Arsenal Resources Development LLC ("***Arsenal Resources Development***") and its affiliates, each of whom is a debtor and debtor in possession in the above-captioned cases (each, a "***Debtor***"), hereby state as follows:

1.     Arsenal Energy Holdings LLC ("***Arsenal Energy***") is the direct or indirect parent of each Debtor.  The ownership of Arsenal Energy is set forth below:

| Entity Name & Address | Number and Type of Shares Held |
|---|---|
| Arsenal Resources Holdings LLC<br>6031 Wallace Road Ext.<br>Suite 3000<br>Wexford, Pennsylvania 15090 | 138,574 shares (16.3%) of Class A Common Stock<br><br>250,000 shares (100%) of Class C Common Stock |

[1]   The debtors in the chapter 11 cases, along with the last four digits of each debtor's United States federal tax identification number, are: Arsenal Resources Development LLC (4072); Arsenal Energy Holdings LLC (6279); Arsenal Resources Intermediate Holdings LLC (5901); Arsenal Resources Energy LLC (2820); Arsenal Resources Development Holdings 2 LLC (3020); Arsenal Resources Development Holdings 1 LLC (9647); Arsenal Gas Marketing LLC (1113); Arsenal Midstream LLC (9654); Arsenal Water LLC (2465); Ulysses Gathering LLC (6546); Mar Key LLC (5428); Arsenal Resources LLC (3422); River Ridge Energy Holdings, LLC (8135); River Ridge Energy, LLC (5623); River Ridge Pennsylvania, LLC (5444); River Ridge Operating, LLC (4051); and Seneca-Upshur Petroleum, LLC (9204).  The debtors' mailing address is 6031 Wallace Road Ext., Suite 300, Wexford, PA 15090.

01:24884681.4

| Entity Name & Address | Number and Type of Shares Held |
|---|---|
| Special Frontiers 10 GP<br>c/o MEC Advisory Limited<br>26/F, 100 Queen's Road Central<br>Hong Kong | 173,218 shares (20.4%) of Class A Common Stock |
| Annex MK Holdings III LLC<br>c/o First Reserve Corporation<br>290 Harbor Drive<br>Stamford, Connecticut 06902 | 177,176 shares (20.8%) of Class A Common Stock |
| MK Note Co-Invest Holdings LLC<br>c/o First Reserve Corporation<br>290 Harbor Drive<br>Stamford, Connecticut 06902 | 32,891 shares (3.9%) of Class A Common Stock |
| PEC Marcus On-Holdings, LLC<br>c/o Goldman Sachs Private Equity Group<br>200 West Street<br>38th Floor<br>New York, New York 10282 | 52,538 shares (6.2%) of Class A Common Stock |
| PEC Marcus Off-Holdings, LLC<br>c/o Goldman Sachs Private Equity Group<br>200 West Street<br>38th Floor<br>New York, New York 10282 | 39,643 shares (4.7%) of Class A Common Stock |
| PEC Marcus Off-Holdings II, LLC<br>c/o Goldman Sachs Private Equity Group<br>200 West Street<br>38th Floor<br>New York, New York 10282 | 3,089 shares (0.4%) of Class A Common Stock |

| Entity Name & Address | Number and Type of Shares Held |
|---|---|
| Mercuria Investments US, Inc.<br>33 Benedict Pl.<br>Greenwich, Connecticut 06830<br><br>with a copy to:<br><br>Mercuria Investments US, Inc.<br>20 E. Greenway Plaza<br>Suite 650<br>Houston, Texas 77046 | 51,965 shares (6.1%) of Class A Common Stock<br><br>18,625 shares (30%) of Class B Common Stock |
| Arthur Taubman Trust, Dtd 7-13-1964 FBO Nicholas F. Taubman<br>c/o First Premier Bank, Trustee<br>6010 S. Minnesota Avenue<br>Suite 208<br>Sioux Falls, South Dakota 57101 | 8,661 shares (1.0%) of Class A Common Stock |
| Mozart Properties Five Blue Hills, LLC<br>2965 Colonnade Drive, Suite 300<br>Roanoke, Virginia 24018 | 8,661 shares (1.0%) of Class A Common Stock |
| Northwestern Mutual Capital Strategic Equity Fund III, LP<br>c/o Northwestern Mutual Capital GP III, LLC<br>720 East Wisconsin Avenue<br>Milwaukee, Wisconsin 53202 | 5,829 shares (0.7%) of Class A Common Stock |
| The Northwestern Mutual Life Insurance Company<br>720 East Wisconsin Avenue<br>Milwaukee, Wisconsin 53202 | 72,119 shares (8.5%) of Class A Common Stock |
| The Northwestern Mutual Life Insurance Company for its Group Annuity Separate Account<br>720 East Wisconsin Avenue<br>Milwaukee, Wisconsin 53202 | 8,661 shares (1.0%) of Class A Common Stock |
| Shanghai Oil Loong Investment Management Co., Ltd<br>Room 306, Zhongchen Building Lize<br>Zhong Er Road, Chaoyang<br>Beijing, China 100102 | 34,644 shares (4.1%) of Class A Common Stock |

| Entity Name & Address | Number and Type of Shares Held |
|---|---|
| Red Alpine LLC<br>c/o Corporation Service Company (CSC)<br>251 Little Falls Drive<br>Wilmington, Delaware 19808 | 43,304 shares (5.1%) of Class A Common Stock |
| Special Frontiers 8 Inc.<br>c/o MEC Advisory Limited<br>26/F, 100 Queen's Road Central<br>Hong Kong | 43,458 shares (70%) of Class B Common Stock |

2.    Debtor Arsenal Resources Intermediate Holdings LLC ("***Arsenal Resources Intermediate***") is 100% owned by Arsenal Energy.

3.    Debtor Arsenal Resources Energy LLC ("***Arsenal Resources Energy***") is 100% owned by Arsenal Resources Intermediate.

4.    Debtor Arsenal Resources Development Holdings 2 LLC ("***Holdings 2***") is 100% owned by Arsenal Resources Energy.

5.    Debtor Arsenal Resources Development Holdings 1 LLC ("***Holdings 1***") is 100% owned by Holdings 2.

6.    Debtor Arsenal Resources Development is 100% owned by Holdings 1.

7.    The following Debtors are 100% owned by Arsenal Resources Development:

- Arsenal Gas Marketing LLC

- Arsenal Midstream LLC ("***Arsenal Midstream***")

- Mar Key LLC

- Arsenal Resources LLC

- River Ridge Energy Holdings, LLC ("***River Ridge Energy Holdings***")

8.    The following Debtors are 100% owned by Arsenal Midstream:

- Arsenal Water LLC

- Ulysses Gathering LLC

9.      Debtor River Ridge Energy, LLC ("***River Ridge Energy***") is 100% owned by River Ridge Energy Holdings.

10.     The following Debtors are 100% owned by River Ridge Energy:

- River Ridge Pennsylvania, LLC

- River Ridge Operating, LLC

- Seneca-Upshur Petroleum, LLC

01:24884681.4

5

| Debtor name | Arsenal Resources Development LLC, *et al.* |
|---|---|
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ *Amended Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    Consolidated Corporate Ownership Statement and List of Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/08/2019        X _____
                                        Signature of individual signing on behalf of debtor

                                        Jonathan D. Farmer
                                        Printed name

                                        President and Chief Executive Officer
                                        Position or relationship to debtor